C/M

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
  RONIT D. APPEL,                              :
                                               :
                    Plaintiff,                 :   **MEMORANDUM DECISION AND**
                                               :   **ORDER**
            - against -                        :
                                               :   21 Civ. 6101 (BMC)
                                               :
  HON. JOHN P. CRONAN,                         :
                                               :
                    Defendant.                 :
----------------------------------------------------------X
```

**COGAN**, District Judge.[*]

On July 15, 2021, plaintiff Ronit D. Appel filed this action *pro se*[1] against the Honorable John P. Cronan, United States District Judge. Plaintiff paid the filing fee to commence this action. For the reasons set forth below, the Court dismisses the action.

Plaintiff here is also the plaintiff in a case before Judge Cronan called <u>Appel v. Hon. Esther Hayut</u>, No. 20 Civ. 6265 (S.D.N.Y) (filed Aug. 10, 2020) ("<u>Hayut</u>"). The <u>Hayut</u> case asserts claims against various Israeli judges and citizens residing in Israel, where plaintiff also resides, under the Torture Victim Protection Act, 28 U.S.C. § 1350. The <u>Hayut</u> complaint concerns legal proceedings in Israel and alleges that as a result of "documented corruption of the Supreme Court of the State of Israel," plaintiff has been subject to "assassination attempts, cyber terrorism … and other torture … carried out by Mossad, acting on behalf of the State of Israel." On July 26, 2021, plaintiff filed a motion seeking Judge Cronan's recusal in the <u>Hayut</u> case.

---

[*] United States District Court Judge, Eastern District of New York, sitting by designation.

[1] Although she is proceeding *pro se*, Appel is a licensed attorney and is therefore not entitled to the full solicitude typically afforded to *pro se* litigants.  See <u>Tracy v. Freshwater</u>, 623 F.3d 90, 102 (2d Cir. 2010).

On July 15, 2021, she filed this complaint against Judge Cronan.  Her claim alleges that in the Hayut case, Judge Cronan has required her to obtain leave of court before filing any motions or letter motions, and has denied her filing access to the Court's electronic filing system.  By doing this, she asserts, Judge Cronan has "unconstitutionally silenc[ed]" her, thereby "aiding and abetting" the attempts on her life in violation of the Torture Victim Protections Act.  She seeks damages and various declaratory and injunctive relief, including an order of this Court declaring Judge Cronan's continued service as an Article III judge unconstitutional and enjoining him from "continuing to aid and abet [plaintiff's] attempted extrajudicial killings and torture."

Even if a plaintiff has paid the filing fee, a district court "possesse[s] the power" to dismiss a case *sua sponte* if it determines that the plaintiff's claims are frivolous.  Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000).  Claims are frivolous when they lack "an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989)).  This standard authorizes dismissal when it is "clear" that the defendant is immune from suit.  Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999).

Here, it is clear that Judge Cronan is immune from suit.  It is well-settled that judges have absolute immunity for their judicial acts performed in their judicial capacities.  Mireles v. Waco, 502 U.S. 9, 11 (1991); Stump v. Sparkman, 435 U.S. 349, 356 (1978); Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009).  This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action [she] took was in error ... or was in excess of [her] authority."  Mireles, 502 U.S. at 11 (internal quotation marks omitted).  Plaintiff fails to assert any plausible claim which suggests that Judge Cronan was without jurisdiction or acted outside his judicial capacity.  Her conclusory

assertions about Judge Cronan's "extrajudicial killings and torture" lack an arguable basis in fact.

Accordingly, the complaint is dismissed as frivolous because the defendant is absolutely immune from suit. <u>Fitzgerald</u>, 221 F.3d at 363-64; <u>Montero</u>, 171 F.3d at 760. The Court has considered affording plaintiff a chance to amend the complaint, <u>see</u> <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000), but declines to do so because it views the opportunity as futile. A review of the complaint does not suggest that plaintiff has inadequately or inartfully pleaded any potentially viable claims; she just disagrees with Judge Cronan's rulings and case management procedures.

Although plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment in favor of defendant, mail a copy of this Order and the judgment to plaintiff, note the mailing on the docket, and close the case.

**SO ORDERED.**

/S
_____
BRIAN M. COGAN
U.S.D.J.

Dated: Brooklyn, New York
July 28, 2021

3